UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GODFREY,<br><br>    Plaintiff,<br><br>    v.<br><br>DENNIS TRUJILLO, et al.,<br><br>    Defendants. | Case No. 25-cv-03462-AMO<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 37 |

Plaintiff Ricky Godfrey brings this suit against Defendants Dennis Trujillo, Denis Browne, the Estate of Denis Browne, and the City of Richmond, California, under 42 U.S.C. § 1983 based on alleged violations of his constitutional rights.

On August 18, 2025, the Court granted in part and denied in part Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 32.[1] Now pending before the Court is Defendants' motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 37. Defendants request certification of the following question:

> Does the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), bar a § 1983 action that challenges the validity of evidence used in the plaintiff's original trial, where the plaintiff's prior murder conviction was later vacated due to reasons unrelated to alleged police misconduct and replaced with a plea of no contest to voluntary manslaughter and attempted robbery, and where success in the § 1983 action would necessarily negate factual elements admitted in the subsequent plea and underlying the still-valid convictions?

(*Id*. at 7.) Further, Defendants request a stay of proceedings pending resolution of the appeal. (*Id*.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Having considered the parties' submissions, the Court **DENIES** the motion to certify an interlocutory appeal.

**LEGAL STANDARD**

Under 28 U.S.C. § 1292(b), the Court may certify an appeal of an interlocutory order when it: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) if "an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). An interlocutory appeal is a "departure from the basic policy of postponing appellate review until after the entry of a final judgment," and as such requires "exceptional circumstances." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). "As to the timing of certification, the district court may certify the order for interlocutory appeal in the text of that order or in a separate order, known as the certification order." *Id*. at 1131 (citation omitted). Defendants' motion, if granted, would require proceeding by the latter approach.

**DISCUSSION**

The Court's August 18 Order granted Defendants' motion to dismiss Godfrey's *Monell* claim against the City of Richmond and denied the motion as to the remaining Section 1983 claims against Defendants Trujillo and Browne. *See Godfrey v. Trujillo*, No. 25-cv-03462-AMO, 2025 WL 2391445, at *11 (N.D. Cal. Aug. 18, 2025). There, the Court considered whether the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Godfrey's claims related to his original 1993 conviction. *Id*. at *4 -*5. Ultimately, the Court concluded *Heck* did not dispose of the claims because Godfrey's 1993 conviction had been vacated by a state tribunal prior to his new plea and sentencing in 2023. *Id*. at *5.

Defendants seek certification of an appeal of the August 18 Order, and argue that all three prongs of Section 1292(b) are met; namely, that the question they have proffered presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These three statutory requirements are conjunctive, meaning absence of any one precludes interlocutory appeal. Thus, the Court addresses only whether the

August 18 Order presents "substantial ground for difference of opinion," as the matter may be resolved on that question alone.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Theodore v. Am. Express Nat'l Bank*, No. 23-cv-03710-AMO, 2025 WL 1294648, at *2 (N.D. Cal. May 5, 2025) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). Even so, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). But the mere fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633. Indeed "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Id*. (citation omitted). Here, Defendants have not shown a substantial ground for difference of opinion as to the effect of *Heck* on the instant complaint.

In requesting certification of an interlocutory appeal, Defendants present a variation on the *Heck* arguments from their initial motion to dismiss. Defendants now concede Godfrey's 1993 convictions were vacated by a state tribunal, Dkt. No. 44 at 5, and instead, argue *Heck* bars Godfrey's claims for two reasons. First, they contend cases like *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), do not control because the vacatur of Godfrey's state court convictions was not expressly based on either fabrication of evidence or *Brady* violations. Dkt. No. 44 at 5. Second, they assert success in this Section 1983 action would imply the invalidity of Godfrey's 2023 conviction for attempted robbery and voluntary manslaughter. (*Id*.) Neither argument persuades the Court to exercise its discretion to certify this question for interlocutory appeal. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

3

1    To start, *Heck* prohibits recovery of damages for unconstitutional imprisonment unless the

2 plaintiff can show his previous conviction was "declared invalid by a state tribunal authorized to

3 make such determination . . . ." 512 U.S. at 487.  Defendants read an additional requirement into

4 the Court's language—the conviction must be declared invalid for the *same* constitutional

5 violations asserted in the subsequent Section 1983 action.  The Supreme Court has never

6 articulated this additional requirement nor has the Ninth Circuit.  Indeed, *Taylor v. Cnty. of Pima*,

7 913 F.3d 930, 935 (9th Cir. 2019), and *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1203 (9th Cir.

8 2020), dispose of Defendants' argument.  Both cases involved convictions invalidated by state

9 tribunals for reasons other than constitutional violations in the underlying proceeding.  *See Taylor*,

10 913 F.3d at 932 (state convictions invalidated by vacatur through subsequent plea agreement);

11 *Roberts*, 947 F.3d at 1195 (state convictions invalidated by settlement agreement).  Therefore,

12 *Heck* does not require the vacatur of the prior conviction to be based on the same constitutional

13 violations that underlie the Section 1983 claim.

14    As for Defendants' second argument, they assert Godfrey's 2023 plea of "no contest"

15 functioned as an admission of the factual basis for the conviction, meaning Godfrey admitted his

16 involvement in the death of Harvey Norfleet.  Dkt. No. 44 at 7-8, 10.  Since the Section 1983 suit

17 challenges the evidence originally presented to convict Godfrey, Defendants argue finding such

18 evidence unconstitutional would invalidate the admissions of fact that form the basis of the 2023

19 conviction.  (*Id*.)  The Court disagrees.  Defendants misapprehend the Court's original analysis

20 related to this point:

21
> Godfrey's claims do not mandate the factfinder consider actual innocence. While a malicious prosecution claim requires termination of the original case in the plaintiff's favor, the Section 1983 claims here have no such requirement. ***Godfrey does not need to ultimately prove he did not murder Norfleet, or that he was not involved in the attempted robbery. He need only show he suffered a constitutional violation by officials acting under color of state law***. Even if he prevails on his Section 1983 claims, a judgment in his favor would leave his 2023 conviction, and its factual basis, undisturbed.

26 *Godfrey*, 2025 WL 2391445, at *5 (internal citations omitted) (emphasis added).  Moreover, the

27 basis of the 2023 conviction is not the evidence acquired through Defendants' 1992 investigation,

28 but rather the plea agreement and admissions effected through the "no contest" plea.  If the

4

factfinder determined Trujillo and Browne fabricated evidence or committed *Brady* violations during the 1992 investigation, those findings would only apply to the 1993 conviction—which has been vacated.

In support of their position, Defendants rely heavily on *Sanders v. City of Pittsburg*, 14 F.4th 968 (9th Cir. 2021). But the case is inapposite. There, the appellant was involved in a foot chase with the police, during which the officer ordered his K-9 to bite the fleeing Sanders. *Id*. at 970. Thereafter, Sanders was charged with resisting arrest and pled "no contest." *Id*. He subsequently brought a Section 1983 action against the officer and the city based on alleged excessive force related to the use of the dog during the pursuit. *Id*. The Ninth Circuit held Sanders' claims were barred by *Heck* because the conviction for resisting arrest was based on Sanders' admission that the officer had used lawful force when deploying the K-9. *Id*. at 971-72. Lawful force cannot form the basis of an excessive force claim. *Id*. at 971. Consequently, success on the Section 1983 claim would contradict the conviction for resisting arrest, since Sanders had admitted that use of the K-9 was lawful force. *Id*. at 972. The instant case, however, differs.

As explained, *supra*, success in this Section 1983 action would not invalidate any admissions forming the basis of the 2023 conviction. For instance, the enhancements to which Godfrey pled "no contest" included the admission that he "discharged a firearm" which "caused death to Harvey D. Norfleet." Dkt. No. 21-5 at 3. Defendants assume that finding Browne or Trujillo fabricated evidence would invalidate this admission. It would not. Should Godfrey prevail in this action, the factfinder would not exonerate him of any involvement in the death of Mr. Norfleet—Godrey's claims here are *only* about whether the investigative techniques used in 1992 were constitutional. Actual innocence is not a precondition of success. Unlike *Sanders*, the constitutional violations alleged here do not arise out of the events surrounding the still valid 2023 conviction—they apply to the now vacated 1993 conviction. Further, neither party has asserted any of the admissions underlying that 2023 plea agreement directly involved the evidence subject to the fabrication of evidence and *Brady* claims. So, *Sanders* does not disturb the Court's original reasoning.

Accordingly, the Court sees no substantial ground for difference of opinion.

**CONCLUSION**

For the reasons stated above, Defendants' motion to certify an interlocutory appeal and motion to stay the case are **DENIED**.

This Order terminates Docket No. 37.

**IT IS SO ORDERED.**

Dated: October 30, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**